The Honorable Judge of the United States Court of Appeals in and toward the Seventh Judicial Circuit. Hear ye! Hear ye! Hear ye! All persons having witness before the Honorable Court are admonished to draw near to give their attention as the Court is now sitting. God save the United States and the Honorable Court. Good morning everyone. Welcome. Our first case for argument this morning is the United States v. Thomas Goliday. Ms. Rameh. Good morning, Your Honors. Good morning. Good morning. Good morning, Your Honors and may it please the Court. My name is Colleen Rameh and I am here on behalf of Mr. Thomas Goliday, the defendant appellant in this case. Rule 11 of criminal procedure requires a court to assure itself that a guilty plea is both knowing and voluntary and is also supported by evidence in the record. A guilty plea can only be knowing and voluntary when a defendant is adequately apprised of and truly understands the nature of the offense to which he is pleading guilty. Specifically, a defendant must understand the law in relation to the facts. The record in this case does not support an inference that Mr. Goliday had such an understanding. If I could jump in right away, Ms. Rameh, to try to focus the argument around what I think are the two key questions and since our time is limited. I think there's a legal question here about how to characterize this buyer-seller argument, whether it's a defense or whether it folds into the elements of a conspiracy charge. That's the legal question. How should we think about that buyer-seller argument? And then there's a factual question about whether he was really confused about it based on what he said during the plea colloquy. So maybe you could take it in those orders. Sure. Yeah, of course, Your Honor. As to the first question, the case law and the jury instructions support a conclusion that this is not an affirmative defense, but this is a part of the elements of the offense. So when you look at the pattern jury instructions, 7th Circuit Pattern Jury Instructions, Instruction 5.10a notes a conspiracy requires more than just a buyer-seller relationship between the defendant and other person. And later in the instruction, it specifically says the government must prove that the buyer and seller had the joint criminal objective of further distributing the drug to others. So that would go a long way towards suggesting that this is an element of the offense. This is not something that the defendant can simply raise and say, well, sorry, it's just no. It's distinguishable from an actual affirmative defense where you would have like, well, yes, I was maybe in a conspiracy, but by the time the alleged conduct happened, I had withdrawn from the conspiracy. That would be something that the defendant would have to affirmatively offer evidence and show as a defense. So in terms of when we are assuring ourselves that there's an adequate basis for the plea, this should be seen as something that it is the government's burden to prove, and then therefore the court's obligation to assure that we have some agreement above and beyond a simple buyer-seller relationship. The government has already conceded that the simple facts that were in the factual basis, which are that Mr. Galladay was receiving two ounces of heroin a week for a year from some unnamed individual, which he then resold to others in exchange for financial remuneration, is not enough to show a conspiracy. The government hangs its hat on the word co-conspirator. And so then I think we get to the second portion of your question, Your Honor, about Mr. Galladay's actual knowledge of what it takes to form a conspiracy to distribute drugs. The record is somewhat unclear. There is no specific statement anywhere in the record that informs him that there must be this agreement above and beyond an agreement to buy or sell drugs. And then Mr. Galladay goes on, when they are going through the factual basis, says, I don't know about this quantity. All I did was I told the agents who my supplier was and how much I was getting from him so they could go prosecute him. And instead they turned around and lumped me into this conspiracy. And then the judge, in attempting to clarify, just repeated that, was there a conspiracy to distribute drugs? And it is a reasonable inference that Mr. Galladay could have understood the judge's attempted clarification as insinuating that an ongoing supplier relationship with this unnamed individual was indeed enough to constitute a conspiracy. But when he was making his objection to the 1,000 grams part of the factual basis, after the prosecutor articulated the factual basis for the conspiracy count on the record, he talked about not the 1,000 grams part. So it was clear he was focused on the drug quantity, not the nature of the offense. And your objection is that he didn't understand the nature of the offense because there was no part of the colloquy to exclude a buy or sell relationship. And he goes on to say he's objecting to boosting the quantity up like that. So is this more properly understood as a hiccup in the plea colloquy over the drug quantity issue in the factual basis or the actual nature of the conspiracy charge? I understand what Your Honor is saying in that it arose and he said I'm not so sure about this quantity. But when you dig in, I mean, there's not that much there. So we only have what is in the record. But the substance of his objection seems to be that, hey, I was buying this much drugs. He doesn't say, no, no, no, I was only buying one ounce a week, not two ounces. So their quantity is wrong. He's just saying, look, I told on my supplier, how can you then all of a sudden turn around and lay all of this on me because I'm the one who gave you this information about my supplier versus and I thought that the government was going to go take that and indict him. So it appears to me that he's saying I'm not, I mean, the conspiracy count is what was driving his mandatory minimum, all of that. And so that seems to be the basis for his objection. And, you know, I mean, Mr. Galladay is a criminal defendant. He's not a lawyer well versed in what constitutes a conspiracy. So it is advisable to give him a little bit of the benefit of the doubt here in terms of he's trying to articulate some problem he has and some misunderstanding he has. And the clarification didn't go far enough to really inform him of what the government's required to prove and what the facts and how the facts of the case actually support his conviction on this conspiracy. And why can't we rely on the representation that was in the plea petition and on the record during the plea hearing that he had consulted with his lawyer and the lawyer had adequately advised him of the nature of the offense and he was satisfied with that representation, et cetera. Sure, Your Honor. I mean, certainly Mr. Galladay may have an ineffective assistance of counsel claim in this case as well. Clearly we did not bring that on direct appeal because of all of the problems of doing that. But that doesn't relieve the district court of its obligation to make sure that Mr. Galladay both was apprised of the nature of the offense itself in Rule 11 and that there was actually sufficient factual basis to convict him. And Mr. May, the language that you're, I assume, emphasizing is page 12, lines 5 through 7. Boost my quantity up and put me in a conspiracy because when I first got locked up, it wasn't a conspiracy at all. Correct. All right, thank you. I'll reserve the remainder of my time. That's fine. Mr. Reitz, good morning. Good morning, Your Honor. May it please the court, Brian Reitz for the United States. I will start by hopefully addressing Chief Judge Sidek's two questions. First, on buyer-seller, certainly I think there's some overlap there, but we think it's best understood as defense. And the best reason for that is the operation, the progression of these instructions at jury trial. At a jury trial, it's a defendant's obligation to request a buyer-seller instruction and then point to evidence supporting that. So in that type of instruction at trial, it's best considered a defense because it's not an obligation for the government to raise the buyer-seller and then propose the instruction itself. What's the government have to prove on the agreement aspect of the conspiracy element under 846 in your view? I mean, of course, this is something that's struggled or the facts have always been a struggle for courts to outline. But the agreement can be established by circumstantial evidence. And here… I understand that. What's the government's burden on element one of an 846 charge? What's the government have to prove beyond a reasonable doubt? That there was an agreement. To do what? To conduct the conspiracy on whatever the conspiracy is in count two. So agreement to commit a further crime. And here it's, as this court said, it's usually proven by an agreement or understanding that there's going to be further redistribution of drugs. In here, I think this is the classic type of evidence that gets the government there because we have repeated standardized transactions of large amounts of heroin where that type of dealing is circumstantial evidence of a conspiracy. Now, if that was… This court, of course, has said if that was the only thing, then the evidence might be in equipoise. But here we have the defendant's agreement and we have the defense counsel's statement that the defendant was in a conspiracy. So that's something more. I mean, Johnson says that if the evidence is equipoise, then it's maybe a buyer-seller. There is, quote, no basis to establish that there is… that agreement was conspiratorial. But here we have a basis, and that is the defendant's agreements and defense counsel's statements that he was in a conspiracy. There are no questions of that. To answer the second question, whether Mr. Gallaudet was confused, we agree with, I think, the line of questions where the confusion appeared to be more about the drug quantity than the nature of the offense. Though even on that, the confusion was more, I think, that Mr. Gallaudet said… believed he had to possess at one time the amount of drugs. But even his admission that the over 1,000 grams of heroin came from just adding up his weekly purchases of two ounces of heroin. Let me ask you a hypothetical. Suppose a district court says, I'm going to read aloud each of the elements of an 846 charge to you right now, and I'm reading from the Seventh Circuit's pattern jury instructions, and then proceeds to do so. And then ask the defendant, do you admit each of these elements? And the defendant says, yes. Is that enough under Rule 11? We think it may be, though Mr. Gallaudet cites cases where those types of cursory statements are not enough. How do you know on that hypothetical? How do you know that there's an adequate factual basis for the plea? I think that case would be very difficult for the government to win because it is sort of perfunctory and cursory. But here we have an actual factual basis. We know that the facts underlying the agreement and the conspiracy were that Mr. Gallaudet, every week for a whole year, bought two ounces of heroin. When you say we know, I mean, the government knows that right from your investigation. Presumably you wouldn't have charged it if you didn't believe there was a good faith basis for it. The question we have is, is the plea adequate? But the judge knows that because it's not just us saying that. That's from Mr. Gallaudet's statements. And Mr. Gallaudet in court, represented by counsel, admitted that factual basis was accurate. So we do know that's Mr. Gallaudet's conduct, where in your honor's hypothetical, we wouldn't really know the defendant's underlying. So how does the how does the proffered factual basis by the assistant satisfy the first element of the 846 charge? It is because an agreement is implicit there. It is difficult to conceive how one could buy a large amount of drugs every week for a year without an agreement to do so. That is that is a dealer amount, not a user amount. It is circumstantial evidence of a conspiracy, which this court has pretty regularly said. And at least before I sit down, I want to just address why this is not plain error. I think I could have made this point better in my brief. But the sentence would be the same whether count one is conspiracy or possession with an intent to distribute the 841. B1 doesn't distinguish based on that. The Mr. Gallaudet's sentencing guideline range was determined by a possession count. So the conspiracy to the extent that Mr. Gallaudet is might be right about the conspiracy aspect to count one. He clearly admitted possession with intent to distribute. And that would have resulted in the same guideline range, the same statutory mandatory minimum. So we don't think that Mr. Gallaudet can show plain error in that circumstance. Mr. Wrights, can I can you indulge me for one more question? Of course, your honor. It's why does the government think the defendant is sandbagging? I was surprised to see that in your brief. Because of the voluntary statement, your honor. And I mean, first of all, the government is using this courseware as a fire, isn't he? I mean, it's not like if he wins here, it's not like the 846 charges disappears. I mean, he'd go to trial. Yes, he could. And you could presumably roll out a whole bunch of evidence that he's not going to like. Yes, I mean, that is very possible, I think likely. Well, I think the most likely that he… I don't understand the sandbagging. How's he sandbagging? I mean, he's playing with fire, it seems to me. Maybe or he thinks he can get a better sentence now. I mean, defendants often second guess their guilty pleas. And on the 851 charge, we know the law on that is changing constantly. So maybe he thinks that the law will change on that and he won't have the mandatory minimum in the future. I don't really know. But the government used that term because that's what this court has said in similar circumstances. Because if Mr. Gallaudet would have raised this objection here, we could have introduced a statement. We could have talked about the statement more, and we wouldn't be here. Yeah, it just seems to me that if he wants to go to trial, if he prevails and he wants to go to trial, he can go to trial. But I don't know how well-advised that would be. It's up to him and his lawyer. I mean, to the undercurrent of this, I would agree that in a lot of time these guilty plea withdrawal cases, the government is to some extent trying to save the defendant from themselves. But our goal isn't to get. We think this guilty plea was correctly done. We think this sentence is appropriate. So we would have much rather had all this cleared up in the district court than have a chance to go to trial and have Mr. Gallaudet receive a harsher sentence. I mean, this is the sentence that the government requested at sentencing. So everybody was content here until now. If there are no further questions, we would ask the court to affirm. Thank you. Ms. Remy. Ms. Remy, maybe you want to start where Mr. Wright's left off. If the panel goes your way and vacates the conviction and remands, what next? Your Honor, at that point, Mr. Gallaudet would have to revisit with full understanding of what is required to show a conspiracy, whether or not he wants to plead guilty or take the conspiracy charge to trial. From conversations, it sounds like he was actually functionally not aware that there needed to be some overarching agreement. Mr. Wright mentioned that, yes, there was this evidence that he had a regular buyer-seller relationship with his supplier where he would get regular amounts, but that in and of itself is not enough to show a conspiracy. And I don't believe that Mr. Gallaudet knew that that was enough. And so I am not privy to the discovery in this case, so I don't actually know what it shows. And all I have to go on is what my client says and what his prior attorney has told me. If we're to promulgate a rule with regard to what a district judge would have to ask about in these kind of circumstances, what do you say the rule should be? How much law should the district court incorporate as part of a Rule 11 colloquy? Your Honor, enough law to show that a layperson, criminal defendant, could understand how his facts intersect with the law and how what he did is illegal under this statute he's being charged with. That's really all we're asking. In this case, the government's argument amounts to what if a criminal defendant walks into court and the court says, do you understand you've been charged with assault? The client says yes. The defendant says yes. And then it's a factual basis. I assaulted this person on April 27, 2022. All right, that's enough. We're done. There's a factual basis. I mean, using the technical terms of art of assault or conspiracy doesn't give us any assurance that a criminal defendant actually understands the elements of the offense or whether his conduct actually satisfied the elements. And that's clear black letter Rule 11 law. And we ask this court to hold the district court to the standard of making those assurances. Thank you very much. Thank you very much. Our thanks to both counsel. The case is taken under advisement.